# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-CR-4075-LTS-KEM |
| Plaintiff, | |
| vs. | **STIPULATED** |
| LEXIS ISMAEL ESTRADA and JOSE LUIS ESTRADA, | **DISCOVERY ORDER** |
| Defendant. | |

The Court hereby ORDERS compliance with the following discovery agreement of the parties:

1.      The United States will include in its discovery file, or otherwise make available, law enforcement reports (excluding evaluative material of matters such as possible defenses and legal strategies, or other attorney work product), grand jury testimony and evidence or existing summaries of evidence in the custody of the United States Attorney's Office that provide the basis for the case against the defendant.  The file will include Rule 16, *Brady*, and Jencks Act materials of which the United States Attorney's Office is aware and possesses.  The United States is also authorized to disclose any tax information in its file for use consistent with this Order.  The discovery file will not contain evidence that the United States has decided to use only for impeachment of defense witnesses or as possible rebuttal evidence.

2.      The United States may redact or withhold information from the discovery file to comply with federal law (e.g. 18 U.S.C. § 3509(m)), for security concerns, or to protect an ongoing investigation.  Alternatively, the United States may require that such materials be reviewed, but not copied, at the United States Attorney's Office, or at a designated law enforcement agency.  The United States may also redact certain personal identifiers or means of identification to protect the privacy or proprietary interests of any

Updated August 4, 2021

person or entity. This does not preclude the defendant from requesting *in camera* review of such material by the Court, upon proper showing, in order to determine whether it should be disclosed. Where the United States withholds information from the discovery file pursuant to this provision, notice of the withholding of information, along with a general description of the type of material withheld, will be included in the discovery file unless the nature of the information withheld is otherwise obvious from a review of the redacted discovery.

3.     Original evidence in the possession of a law enforcement agency, or any information that is required to be viewed at the United States Attorney's Office, may be viewed during business hours by scheduling an appointment to do so with the United States Attorney's Office.

4.     Any material or information provided by the government pursuant to this Order, and any transcription, summary, notes, or dictation thereof (collectively "discovery material") may only be used in connection with the above-captioned federal criminal case now pending against the defendant and for no other purpose. Discovery material provided by the United States shall not be disclosed to, or used by, any person, other than the defendant, defendant's counsel, or any person retained by or working on behalf of defendant's counsel, and may not be used or disclosed in any proceeding not part of the pending criminal case. This provision does not prohibit the sharing of information in the above-captioned federal criminal case between or among counsel who are subject to this Order or an identical order. No discovery material shall be shared with other defendants or their counsel who are not subject to this Order or an identical order, except through the offer of exhibits. In the event the defense deems it necessary to attach or offer any grand jury transcript or exhibit, or any document containing personal identifiers or means of identification as referenced in paragraph 2, above, to any pleading or in any public filing or proceeding in connection with this case, the defendant shall first request permission of the Court to file such item under seal.

2

5.      Discovery material may be shown to and discussed with the defendant but must remain at all times in the sole custody of the defendant's attorney or any person retained by or working on behalf of defendant's counsel.  Under no circumstances may any discovery material be left with or given to the defendant or any other person.  Absent explicit written authorization of the United States Attorney's Office, the defense shall not photocopy or reproduce any discovery material.  Defense counsel also agrees not to show any memoranda, or witness interviews to any potential witness in the case, other than the defendant or any person retained by or working on behalf of defendant's counsel, except that any potential witness may be shown or allowed to review his or her recorded or transcribed testimony, or any written statement signed or expressly adopted by that person.

6.      The government will provide in advance of trial information relating to witnesses reasonably anticipated to be called during its case-in-chief that it has determined falls within the standard established by *Giglio v. United States*, 405 U.S. 150 (1972).  The government may also provide other information relating to witnesses reasonably anticipated to be called during its case-in-chief that it has determined may potentially be impeaching or otherwise relevant.  Further, in advance of trial, the government will make available for review "rap" sheets of non-law enforcement witnesses reasonably anticipated to be called as witnesses during its case-in-chief.  At the government's discretion, any potential *Giglio* information related to law enforcement witnesses must be reviewed at the U.S. Attorney's office.  The government reserves the right to submit any potential *Giglio* information to the Court for *in camera* review to determine such information falls within the *Giglio* standard.

7.      If the attorney for the defendant is subsequently allowed to withdraw from this case, defense counsel shall promptly return all discovery materials to the government.

8.      Any discovery material, including copies thereof, provided pursuant to the above provisions, must be returned to the United States or destroyed at the conclusion of the trial, sentencing, or appeal, whichever is later.

3

9.    Upon disclosure of the United States' discovery file, the defendant shall immediately provide, and shall be under a continuing obligation to provide, disclosure of statements as defined in 18 U.S.C. § 3500(e)(1) & (2) and reciprocal discovery under Fed. R. Crim. P. 16(b) and 26.2.

10.    The defendant understands and agrees that the United States' discovery file generally satisfies the government's notice obligation pursuant to Fed. R. Crim. P. 12(b)(4) and Fed. R. Evid. 404(b), 609(b) and 807(b).  However, if the defendant identifies specific evidence in the discovery file and asks the United States whether it intends to seek to introduce such evidence pursuant to Fed. R. Crim. P. 12(b)(4), or Fed. R. Evid. 404(b), 609(b) or 807(b), the United States will advise the defendant whether it intends to use such evidence and, if it intends to offer such evidence pursuant to Fed. R. Evid. 404(b), will identify the purpose for which it will be offered under the rule without further motion or order.  The parties also acknowledge that, pursuant to Fed. R. Crim. P. 16, they have each requested a written summary of any expert testimony the opposing party intends to offer under Rules 702, 703, or 705 of the Federal Rules of Evidence during their respective cases in chief, and they hereby agree to promptly provide to the opposing party a summary describing the witness's opinions, the basis and reasons for those opinions, and the witness's qualifications.

11.    The parties will exchange a list of prospective witnesses and a list of prospective exhibits no later than seven business days prior to trial.  For witnesses for whom there exists no written statements or reports of statements subject to disclosure through discovery, the party listing the witness shall also note next to the witness's name on the list the general purpose of his or her expected testimony.

12.    The parties agree that they will attempt to resolve any disputes involving discovery and reciprocal discovery between themselves before filing any discovery-related motions (including motions for bills of particulars) with the Court, consistent with the requirements of Local Rule 37(a).

13.     The parties agree that the terms of this agreement extend to other lawyers, staff, and investigators working with or on behalf of the undersigned counsel, including, but not limited to, other employees or lawyers associated with defense counsel's law practice, and any investigators retained by or acting on behalf of the defendant, as well as employees of the United States Attorney's Office.

14.     Should the defendant become aware of any material or other information (including but not limited to *Brady* and *Giglio* information) it believes is required by this Order to be included in the discovery file, but has not been so included, the defendant will notify the United States Attorney's Office and request that such information be added to the discovery file.

15.     The parties reserve the right to contest the admissibility of any information disclosed pursuant to this Order.

16.     Any violation of this Order may be brought to the attention of the Court to determine the appropriate remedy.

17.     This Order imposes a continuing duty to disclose on all parties.

**IT IS SO ORDERED**.

**DATED** this 1st day of October, 2021.

_Kelly K.E. Mahoney_

Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa