IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 21-CR-4075-LTS-KEM-2 |
| vs. | |
| JOSE LUIS ESTRADA | |
| Defendant. | |

## JOINT PROPOSED JURY INSTRUCTIONS

The parties jointly submit the following proposed jury instructions.

Defense counsel objects to the below that are in red font: (1) the instruction relating to Count 2 (Instruction No. 6); and (2) the Verdict Form as it relates to Count 2. Count 2 is part of the Superseding Indictment that the Government anticipates seeking on April 12, 2022. Otherwise, the parties agree on the instructions contained herein.

**TABLE OF CONTENTS**

No. 1 — INTRODUCTION ...................................................................3

No. 2 — PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF .......5

No. 3 — REASONABLE DOUBT ....................................................6

No. 4 — OTHER IMPORTANT TERMS ...........................................7

No. 5 — COUNT 1: THE ALLEGED "CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE" OFFENSE ..................................................9

No. 6 – COUNT 2: THE ALLEGED "POSSESSION WITH INTENT TO DISTRIBUTE AND AIDING AND ABETTING THE POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE" OFFENSE.................12

No. 7 — FORM AND QUANTITY OF METHAMPHETAMINE ..................16

No. 8 – DEFINITION OF EVIDENCE ............................................20

No. 9 — TESTIMONY OF WITNESSES ..........................................21

No. 10 — OBJECTIONS ...........................................................23

No. 11 — BENCH CONFERENCES ..............................................24

No. 12 — NOTE-TAKING ........................................................25

No. 13 — CONDUCT OF JURORS DURING TRIAL ...................26

No. 14 — DUTY TO DELIBERATE ...............................................29

No. 15 — DUTY DURING DELIBERATIONS ................................31

Case 5:21-cr-04075-LTS-KEM   Document 66   Filed 04/05/22   Page 2 of 36

# No. 1 — INTRODUCTION

Congratulations on your selection as a juror!  These Instructions will help you better understand the trial and your role in it.

In an Indictment, a Grand Jury has charged Jose Luis Estrada, with a "methamphetamine conspiracy" offense and a "possession with intent to distribute methamphetamine" offense.  An Indictment is simply an accusation—it is not evidence of anything.  The defendant has pled not guilty to the offenses charged against him, and he is presumed absolutely not guilty of the offenses, unless and until the prosecution proves his guilt on those offenses beyond a reasonable doubt.

You must decide during your deliberations whether or not the prosecution has proved the defendant's guilt on each of the offenses charged against him beyond a reasonable doubt.  In making your decision, you are the sole judges of the facts.  You must not decide this case based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases.  The law demands that you return a just verdict, based solely on the evidence, these instructions, and any additional oral or written instructions that I may give you.

Do not take anything that I have said or done or that I may say or do as indicating what I think of the evidence or what I think your verdict should be.  Remember, only defendant Jose Luis Estrada, and not anyone else, is on trial.  Also, he is on trial only for the offenses charged in the Indictment, and not for anything else.

The defendant is entitled to have each charge against him considered separately, based solely on the evidence that applies to that offense.  Therefore, you

3

must give separate consideration to each charge against the defendant and return a separate, unanimous verdict on each charge.

Please remember that this case is important to the parties and to the fair administration of justice. Therefore, please be patient, consider all of the evidence, and do not be in a hurry to reach a verdict just to be finished with the case.

*United States v. Melroy Johnson, Sr.*, No. 1
    CR19-4065-LTS (2021)

## No. 2 — PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

The presumption of innocence means that the defendant is presumed to be

absolutely not guilty.

- This presumption means that you must put aside all suspicion that might arise from the defendant's arrest, the charge, or the fact that he is here in court
- This presumption remains with the defendant throughout the trial
- This presumption is enough, alone, for you to find the defendant not guilty of any offense charged against him

The burden is always on the prosecution to prove guilt beyond a reasonable

doubt.

- This burden never, ever shifts to the defendant to prove his innocence
- This burden means that the defendant does not have to call any witnesses, produce any evidence, cross-examine the prosecution's witnesses, or testify
- This burden means that, if the defendant does not testify, you must not consider that fact in any way, or even discuss it, in arriving at your verdict
- This burden means that you must find the defendant not guilty of a charged offense unless the prosecution proves beyond a reasonable doubt that he has committed each and every element of that offense

*United States v. Melroy Johnson, Sr.,* No. 2
CR19-4065-LTS (2021)

5

## No. 3 — REASONABLE DOUBT

A reasonable doubt is a doubt based upon reason and common sense.

- A reasonable doubt may arise from evidence produced by the prosecution or the defendant, keeping in mind that the defendant never, ever has the burden or duty to call any witnesses or to produce any evidence
- A reasonable doubt may also arise from the prosecution's lack of evidence

The prosecution must prove the defendant's guilt beyond a reasonable doubt.

- Proof beyond a reasonable doubt requires careful and impartial consideration of all of the evidence in the case before making a decision
- Proof beyond a reasonable doubt is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs
- Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt

The prosecution's burden is heavy, but it does not require proof beyond all doubt.

*United States v. Melroy Johnson, Sr,* No. 3
CR19-4065-LTS (2021)

6

## No. 4 — OTHER IMPORTANT TERMS

Before I turn to specific instructions on the offenses charged in this case, I will explain some important terms.

### *Elements*

The offenses charged consist of "elements," which are the parts of the offense. The prosecution must prove beyond a reasonable doubt all of the elements of an offense charged against the defendant for you to find him guilty of that offense.

### *Timing*

The Indictment alleges an approximate time period or an approximate date for each of the charged offenses.

- The prosecution does not have to prove that the offenses occurred on an exact date
- The prosecution only has to prove that the offenses occurred at a time that was reasonably close to or within the period or the dates alleged for the offenses in the Indictment

### *Methamphetamine*

The offenses charged in this case allegedly involved methamphetamine. Methamphetamine is an illegal drug. Two forms of methamphetamine are allegedly involved in this case:

- "methamphetamine mixture," which is a mixture or substance containing a detectable amount of methamphetamine
- "actual (pure) methamphetamine," which is methamphetamine itself – either by itself or contained in a methamphetamine mixture

### *Possession*

A person possessed something if both of the following are true:

- the person knew about it, and
- the person had

7

- physical control over it, or
- the power, or ability, and the intention to control it, or
- control over a place in which it was concealed

More than one person may have possessed something at the same time.

### Distribution

A person distributed an illegal drug if the person transferred possession of the illegal drug to another person and, at the time of the distribution, the person knew that he or she was distributing an illegal drug.

The prosecution does not have to prove

- that the illegal drug was "sold," or
- that money or anything of value changed hands

### Location

For purposes of the "methamphetamine conspiracy" offense, the prosecution must prove that one or more acts of the defendant or a co-conspirator for the purpose of carrying out or carrying forward the conspiracy were begun, continued, or completed in the Northern District of Iowa.  For purposes of the "possession with intent to distribute methamphetamine" offense, the prosecution must prove that the possessions occurred in the Northern District of Iowa.

Woodbury County, Iowa is in the Northern District of Iowa.

\* \* \*

I will now give you the "elements" instructions on the charged offenses. The "elements" themselves are set out in **bold**.

*United States v. Melroy Johnson, Sr.,* No. 4
    CR19-4065-LTS (2021)

### No. 5 — COUNT 1: THE ALLEGED "CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE" OFFENSE

Count 1 of the Indictment charges the defendant with a "methamphetamine conspiracy" offense. The defendant denies that he committed this offense.

For you to find the defendant guilty of the "methamphetamine conspiracy" offense, the prosecution must prove beyond a reasonable doubt all of the following elements against the defendant:

**One, during the time period alleged for the conspiracy, from between on or about November 20, 2020, through on or about April 6, 2021, in the Northern District of Iowa and elsewhere, two or more persons reached an agreement or understanding to distribute methamphetamine.**

A conspiracy is an agreement of two or more persons to commit one or more crimes. For this element to be proved,

- the defendant may have been, but did not have to be, one of the original conspirators
- the crime that the conspirators agreed to commit did not actually have to be committed
- the agreement did not have to be written or formal
- the agreement did not have to involve every detail of the conspiracy

Here, the conspirators allegedly agreed to "distribute methamphetamine."

- To help you decide whether or not the conspirators agreed to "distribute methamphetamine," you should consider the definition of "distribution" set out in Instruction 4.

- The elements of "distributing methamphetamine" are the following:

  - a person intentionally distributed methamphetamine to another; and

- at the time of the distribution, the person knew that he or she was distributing an illegal drug

Remember,

- The government does not have to prove that any conspirator actually distributed methamphetamine for a conspiracy charge to be proved; ***but***
- if there was no agreement to "distribute methamphetamine," there was no conspiracy

***Two,*** **the defendant voluntarily and intentionally joined in the agreement or understanding.**

The prosecution must prove that the defendant had some degree of knowing involvement and cooperation in the agreement to prove that he joined in the agreement.

A defendant may have joined in the agreement

- at any time during its existence
- even if he agreed to play only a minor role in it

The defendant did not have to do any of the following to join the agreement:

- join the agreement at the same time as all of the other conspirators
- know all of the details of the conspiracy, such as the names, identities, or locations of all of the other members, or
- conspire with every other member of the conspiracy

On the other hand, evidence of each of the following, alone, is not enough to show that a person joined the agreement:

- a person was merely present at the scene of an event
- a person merely acted in the same way as others
- a person merely associated with others

10

- a person was friends with or met socially with individuals involved in the conspiracy
- a person who had no knowledge of a conspiracy acted in a way that advanced an objective of the conspiracy
- a person merely knew of the existence of a conspiracy
- a person merely knew that an objective of the conspiracy was being considered or attempted, or
- a person merely approved of the objectives of the conspiracy

If you find that there was an agreement, but you find that the defendant did not join in that agreement, then you cannot find him guilty of this "methamphetamine conspiracy" offense.

***Three,* at the time that the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.**

The prosecution:

- must prove that the defendant knew the purpose of the conspiracy, ***but***

- does not have to prove that the defendant knew that what he did was unlawful

If the prosecution does not prove all of these elements beyond a reasonable doubt as to the defendant, then you must find him not guilty of the "methamphetamine conspiracy" offense.

If you find the defendant guilty of the "methamphetamine conspiracy" offense, then you must also determine the form and quantity of any methamphetamine involved in that "methamphetamine conspiracy" for which the defendant can be held responsible, as explained in Instruction No. 7.

*United States v. Melroy Johnson, Sr.*, No. 5
    CR19-4065-LTS (2021)
    Eighth Circuit Model Jury Instruction No. 5.01 (2017)

### No. 6 – COUNT 2: THE ALLEGED "POSSESSION WITH INTENT TO DISTRIBUTE AND AIDING AND ABETTING THE POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE" OFFENSE

Count 2 of the Indictment charges defendant with possessing with intent to distribute and aiding and abetting the possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of actual (pure) methamphetamine. The defendant denies that he committed this offense.

For you to find defendant guilty of this offense, the prosecution must prove beyond a reasonable doubt all of the following elements against him:

*One*, on or about December 11, 2020, the defendant possessed a mixture or substance containing a detectable amount of methamphetamine or actual (pure) methamphetamine.

You must decide whether or not the substance that the defendant possessed was, in fact, a methamphetamine mixture or actual (pure) methamphetamine, as defined in Instruction No. 4.

- You may consider all of the evidence in the case that may aid in the determination of this issue.

- If the substance that the defendant possessed was not a methamphetamine mixture or actual (pure) methamphetamine, as defined in Instruction No. 4, then you cannot convict him of this offense, even if you find that the defendant possessed some other controlled substance with intent to distribute it.

*Two*, defendant knew that he was, or intended to be, in possession of an illegal drug.

12

The defendant need not have known what the illegal drug was, if he knew that he was in possession of some illegal drug.

**_Three_, the defendant intended to distribute the methamphetamine mixture or actual (pure) methamphetamine to another person.**

You may, but are not required, to infer an "intent to distribute" from the following:

- the presence of cash, packaging material or other distribution paraphernalia;

- possession of a large quantity of methamphetamine mixture or actual (pure) methamphetamine in excess of what an individual user would consume

If the prosecution doesn't prove these elements beyond a reasonable doubt, then you must find defendant not guilty of possessing with intent to distribute a methamphetamine mixture or actual (pure) methamphetamine, as charged in Count 2 of the Indictment.

On the other hand, if you find defendant guilty of this offense, then you must also determine the quantity of any methamphetamine mixture or actual (pure) methamphetamine involved in the offense for which defendant can be held responsible for as explained in Instruction No. 7.

A person may be found guilty of possessing with intent to distribute methamphetamine mixture or actual (pure) methamphetamine even if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of the possession with intent to distribute.

In order to have aided and abetted the commission of a crime a person must,

13

before or at the time the crime was committed,

(1) have known the possession with intent to distribute methamphetamine mixture or actual (pure) methamphetamine was being committed or going to be committed;

(2) have had enough advance knowledge of the extent and character of the crime, that he was able to make the relevant choice to walk away from possessing with intent to distribute methamphetamine mixture or actual (pure) methamphetamine before all elements of possessing with intent to distribute were complete;

(3) have knowingly acted in some way for the purpose of causing, encouraging, or aiding the commission of possession with intent to distribute methamphetamine mixture or actual (pure) methamphetamine.

For you to find the defendant guilty of possession with intent to distribute by reason of aiding and abetting, the government must prove beyond a reasonable doubt that all of the elements of possession with intent to distribute were committed by some person or persons and that the defendant aided and abetted the commission of that crime.

You may infer the defendant had the requisite advance knowledge of the possession with intent to distribute if you find the defendant failed to object or withdraw from actively participating in the commission of possessing with intent to distribute after the defendant observed another participant complete possessing with intent to distribute.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has become an aider and abettor. A person who has no knowledge that a crime is being committed or about to be committed, but who happens to act in a way that advances some offense, does not thereby become an aider and abettor.

*United States v. Melroy Johnson, Sr.*, No. 7
    CR19-4065-LTS (2021)
    Eighth Circuit Model Jury Instruction No. 5.01 (2017).

## No. 7 — FORM AND QUANTITY OF METHAMPHETAMINE

If you find the defendant guilty of one or more of the offenses charged in Counts 1 and 2 of the Indictment, then you must determine beyond a reasonable doubt the form and quantity of any methamphetamine involved in each such offense for which the defendant can be held responsible.   The prosecution has the burden of proof to establish a quantity beyond a reasonable doubt.

### *Responsibility*

**A defendant guilty of the "methamphetamine conspiracy"** charged in **Count 1** of the Indictment is responsible for:

- any methamphetamine that he actually distributed or agreed to distribute during the course of the conspiracy
- any methamphetamine that he personally used or acquired for personal use from a co-conspirator
- any methamphetamine that fellow conspirators actually distributed or agreed to distribute during the conspiracy that was reasonably foreseeable as a necessary or natural consequence of the conspiracy

**A defendant guilty of the "possession with intent to distribute methamphetamine" offense** charged in **Count 2** of the Indictment is responsible for:

- any methamphetamine that he possessed with intent to distribute, but
- is not responsible for methamphetamine that he acquired or possessed only for his personal use

### *Forms of Methamphetamine*

Each offense charged in the Indictment allegedly involved either or both "methamphetamine mixture" and "actual (pure) methamphetamine."

- You must determine the quantity of any form of methamphetamine that you find was involved in the "methamphetamine conspiracy" offense and "possession with intent to distribute methamphetamine" offense

- If you find that a charged offense involved both "methamphetamine mixture" and "actual (pure) methamphetamine," then you must determine the total quantity of each form of methamphetamine, even if the "actual (pure) methamphetamine" was contained in a "methamphetamine mixture"

### *Quantities of Methamphetamine*

If you find that the **"methamphetamine conspiracy"** charged in Count 1 involved "methamphetamine mixture," then you must indicate in the Verdict Form whether the defendant can be held responsible for

- 500 grams or more of "methamphetamine mixture," or

- 50 grams or more, but less than 500 grams, of "methamphetamine mixture," or

- less than 50 grams of "methamphetamine mixture"

If you find that the **"methamphetamine conspiracy"** charged in **Count 1** involved "actual (pure) methamphetamine," then you must indicate in the Verdict Form whether the defendant can be held responsible for

- 50 grams or more of "actual (pure) methamphetamine," or

- 5 grams or more, but less than 50 grams, of "actual (pure) methamphetamine," or

- less than 5 grams of "actual (pure) methamphetamine"

If you find that the **"possession with intent to distribute methamphetamine"** offense charged in **Count 2** or the **"lesser-included offense"**

Case 5:21-cr-04075-LTS-KEM   Document 66   Filed 04/05/22   Page 17 of 36

of **"possession of methamphetamine"** charged in **Count 2** of the Indictment involved "methamphetamine mixture," then you must indicate in the Verdict Form whether the defendant can be held responsible for

- 500 grams or more of "methamphetamine mixture," or

- 50 grams or more, but less than 500 grams, of "methamphetamine mixture," or

- less than 50 grams of "methamphetamine mixture"

If you find that the **"possession with intent to distribute methamphetamine"** offense charged in **Count 2** or the **"lesser-included offense of "possession of methamphetamine"** charged in **Count 2** of the Indictment involved "actual (pure) methamphetamine," then you must indicate in the Verdict Form whether the defendant can be held responsible for

- 50 grams or more of "actual (pure) methamphetamine," or

- 5 grams or more, but less than 50 grams, of "actual (pure) methamphetamine," or

- Less than 5 grams of "actual (pure) methamphetamine"

The following conversion table may be helpful:

| POUNDS/OUNCES | GRAMS |
|---|---|
| 1 lb. | 453.6 g. (0.4536 kilogram) |
| 2.2 lb. | 1,000 g. (1 kilogram) |
| 1 oz. | 28.34 g. (0.028 kilogram) |

18

At the end of your deliberations, if you have found the defendant guilty of any of the charged offenses, you will check the appropriate blanks in the Verdict Form for that offense to indicate

- the form or forms of methamphetamine, and
- the quantity of any form of methamphetamine involved in the offense for which you find the defendant is responsible.

*United States v. Melroy Johnson, Sr.,* No. 8
    CR19-4065-LTS (2021)

# No. 8 – DEFINITION OF EVIDENCE

Evidence is the following:

- testimony

- exhibits admitted into evidence, but exhibits are not necessarily more important than any other evidence, just because they are shown to you

- stipulations, which are agreements between the parties that certain facts are true; you must treat stipulated facts as having been proved

The following are not evidence:

- testimony that I tell you to disregard

- exhibits that are not admitted into evidence

- statements, arguments, questions, and comments by the lawyers

- objections and rulings on objections

- anything that you see or hear about this case outside the courtroom

You may have heard of "direct" or "circumstantial" evidence.

- "Direct" evidence is direct proof of a fact
  - An example is testimony by a witness about what that witness personally saw or heard or did

- "Circumstantial" evidence is proof of one or more facts from which you could find another fact
  - An example is testimony that a witness personally saw a broken window and a brick on the floor, from which you could find that the brick broke the window

- You should consider both kinds of evidence, because the law makes no distinction between their weight

- The weight to be given any evidence, whether it is "direct" or "circumstantial," is for you to decide

Some evidence may be admitted only for a limited purpose.

- I will tell you if that happens

- I will instruct you on the purposes for which the evidence can and cannot be used

*United States v. Melroy Johnson, Sr.*, No. 9
CR19-4065-LTS (2021)

## No. 9 — TESTIMONY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, only part of it, or none of it.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You may need to decide whether a contradiction is an innocent misrecollection or lapse of memory or, instead, an intentional falsehood. This may depend on whether the contradiction involves an important fact or only a small detail.

In deciding what testimony of any witness to believe, consider the witness' intelligence, the opportunity the witness had to see or hear the things he or she testifies about, the quality of the witness' memory, any motives the witness may have for testifying a certain way, the witness' demeanor, whether the witness said something different at an earlier time, the witness' drug or alcohol use or addiction, if any, the general reasonableness of the testimony, the extent to which the testimony is consistent with other evidence that you believe and any other factors that you find bear on believability or credibility.

You should not give any more or less weight to a witness' testimony just because the witness is a public official, a law enforcement officer, or an expert.

You may give any witness' opinion whatever weight you think it deserves, but you should consider the reasons and perceptions on which the opinion is based, any reason that the witness may be biased and all of the other evidence in the case.

You may hear that a witness was once convicted of a crime. You may use that evidence only to help you decide whether to believe the witness and how much weight to give to the witness' testimony.

You must consider with greater caution and care the testimony, if any, of a witness who is testifying:

- that he or she participated in the charged offense, or
- that he or she was an informant who was paid or received some other benefit for providing information to law enforcement or the prosecution, or
- after a promise from the prosecution not to use that witness' testimony, to a grand jury or at this trial, against that witness in a criminal case, or
- pursuant to a plea agreement
  - The plea agreement may be a "cooperation" plea agreement that provides that the prosecution may recommend a less severe sentence if the prosecutor believes that the witness has provided "substantial assistance"
  - A judge cannot reduce a sentence for "substantial assistance" unless the prosecution asks the judge to do so, but if the prosecution does ask, the judge decides if and how much to reduce the witness' sentence

It is for you to decide:

- what weight you think the testimony of such a witness deserves, and
- whether or not such a witness' testimony has been influenced by
  - the desire to please the prosecution
  - any promises by the prosecution
  - any payment or other benefit provided by the prosecution, or
  - a plea agreement

If the defendant testifies, you should judge his testimony in the same way that you judge the testimony of any other witness.

Remember, it is your exclusive right to give any witness' testimony whatever weight you think it deserves.

*United States v. Melroy Johnson, Sr.*, No. 10 CR19-4065-LTS (2021)

22

## No. 10 — OBJECTIONS

The lawyers may make objections and motions during the trial that I must rule upon.

- If I sustain an objection to a question before it is answered, do not draw any inferences or conclusions from the question itself

- Do not hold it against a lawyer or a party that a lawyer has made an objection, because lawyers have a duty to object to testimony or other evidence that they believe is not properly admissible

*United States v. Melroy Johnson, Sr.*, No. 11
        CR19-4065-LTS (2021)

## No. 11 — BENCH CONFERENCES

During the trial it may be necessary for me to talk with the lawyers out of your

hearing.

- I may hold a bench conference while you are in the courtroom or call
  a recess

- These conferences are to decide how certain evidence is to be treated, to
  avoid confusion and error, and to save your valuable time, so please be
  patient

- We will do our best to keep such conferences short and infrequent

*United States v. Melroy Johnson, Sr.*, No. 12
CR19-4065-LTS (2021)

**No. 12 — NOTE-TAKING**

You are allowed to take notes during the trial if you want to.

- Be sure that your note-taking does not interfere with listening to and considering all the evidence

- Your notes are not necessarily more reliable than your memory or another juror's notes or memory

- Do not discuss your notes with anyone before you begin your deliberations

- Leave your notes and these instructions on your chair during recesses and at the end of the day

- At the end of trial, you may take your notes with you or leave them to be destroyed

- No one else will ever be allowed to read your notes, unless you let them

- If you choose not to take notes, remember that it is your own individual responsibility to listen carefully to the evidence

- An official court reporter is making a record of the trial, but her transcripts will not be available for your use during your deliberations

*United States v. Melroy Johnson, Sr.*, No. 13
   CR19-4065-LTS (2021)

## No. 13 — CONDUCT OF JURORS DURING TRIAL

You must decide this case *solely* on the evidence and the law in these Instructions and any additional written or oral instructions that I may give. You must also keep to yourself any information that you learn in court until it is time to discuss this case with your fellow jurors during deliberations.

To ensure fairness, you must obey the following rules:

- Do not talk among yourselves about this case, or about anyone involved with it, until you go to the jury room to decide on your verdict.

- Do not talk with anyone else about this case, or about anyone involved with it, until the trial is over.

- When you are outside the courtroom, do not let anyone ask you about or tell you anything about this case, anyone involved with it, any news story, rumor, or gossip about it, until the trial is over. If someone should try to talk to you about this case during the trial, please report it to me.

- During the trial, you should not talk to any of the parties, lawyers, or witnesses—even to pass the time of day—so that there is no reason to be suspicious about your fairness. The lawyers, parties, and witnesses are not supposed to talk to you, either.

- You may need to tell your family, friends, teachers, co-workers, or employer about your participation in this trial, so that you can tell them when you must be in court and warn them not to ask you or talk to you about the case. However, do not provide any information to anyone by any means about this case until after I have accepted your verdict. That means do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, a Blackberry, a PDA, a computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, any blog, or any website such as Facebook, YouTube, or Twitter, to communicate to anyone any information about this case until I accept your verdict.

- Do not do any research—on the Internet, in libraries, in the newspapers, in dictionaries or other reference books, through social media—or in any other way conduct any investigation about this case, the law, or the people involved on your own.

- Do not visit or view any place discussed in this case and do not use Internet maps or Google Earth or any other program or device to search for or to view any place discussed in the testimony.

- Do not read any news stories or articles, in print, on the Internet, in any "blog," or through social media about this case, or about anyone involved with it, or listen to any radio or television reports about it or about anyone involved with it, or let anyone tell you anything about any such news reports. I assure you that when you have heard all the evidence, you will know more about this case than anyone will learn through the news media—and it will be more accurate.

- Do not make up your mind during the trial about what the verdict should be. Keep an open mind until you have had a chance to discuss the evidence with other jurors during deliberations.

- Do not decide the case based on "implicit biases." Everyone, including me, has feelings, assumptions, perceptions, fears, and stereotypes—that is, "implicit biases"—that we may not be aware of. These hidden thoughts can impact what we see and hear, how we remember what we see and hear, and how we make important decisions. Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases. The law demands that you return a just verdict, based solely on the evidence and the instructions that I give you. Our system of justice is counting on you to render a fair decision based on the evidence, not on biases.

- A Verdict Form is attached to these Instructions. A Verdict Form is simply a written notice of your decision. After your deliberations, if you have reached a unanimous verdict, your foreperson will complete one copy of the Verdict Form by marking the appropriate blank or blanks for each question. You will all sign that copy to indicate that you agree with the verdict and that it is unanimous. Your foreperson will then bring the signed Verdict Form to the courtroom when it is time to announce your verdict.

- If, at any time during the trial, you have a problem that you would like to bring to my attention, please let me know. I want you to be comfortable, so please do not hesitate to tell us about any problem.

I will read the remaining Instructions at the end of the evidence.

*United States v. Melroy Johnson, Sr.*, No. 14
CR19-4065-LTS (2021)

# No. 14 — DUTY TO DELIBERATE

A verdict must represent the careful and impartial judgment of each of you. However, before you make that judgment, you must consult with one another and try to reach agreement, if you can do so consistent with your individual judgment.

- If you are convinced that the prosecution has not proved beyond a reasonable doubt that the defendant is guilty of a charged offense, say so

- If you are convinced that the prosecution has proved beyond a reasonable doubt that the defendant is guilty of a charged offense, say so

- Don't give up your honest beliefs just because others think differently or because you simply want to be finished with the case

- On the other hand, do not hesitate to re-examine your own views and to change your opinions, if you are convinced that they are wrong

- You can only reach a unanimous verdict if you discuss your views openly and frankly, with proper regard for the opinions of others, and with a willingness to re-examine your own views

- Remember that you are not advocates, but judges of the facts, so your sole interest is to seek the truth from the evidence

- The question is never who wins or loses the case, because society always wins, whatever your verdict, when you return a just verdict based solely on the evidence and the instructions that I give you

- You must consider all of the evidence bearing on each question before you

- Take all the time that you feel is necessary

- Remember that this case is important to the parties and to the fair administration of justice, so do not be in a hurry to reach a verdict just to be finished with the case

*United States v. Melroy Johnson, Sr.*, No. 15
CR19-4065-LTS (2021)

## No. 15 — DUTY DURING DELIBERATIONS

You must follow certain rules while conducting your deliberations and returning your verdict:

- Select a foreperson to preside over your discussions and to speak for you here in court.

- Do not consider punishment in any way in deciding whether the defendant is not guilty or guilty. If the defendant is guilty, I will decide what his sentence should be.

- Communicate with me by sending me a note through a Court Security Officer (CSO). The note must be signed by one or more of you. Remember that you should not tell anyone, including me, how your votes stand. I will respond as soon as possible, either in writing or orally in open court.

- Again, nothing I have said or done was intended to suggest what your verdict should be—that is entirely for you to decide.

- Reach your verdict without discrimination. In reaching your verdict, you must not consider the defendant's race, color, religious beliefs, national origin, or sex. You are not to return a verdict for or against the defendant unless you would return the same verdict without regard to his race, color, religious beliefs, national origin, or sex. To emphasize the importance of this requirement, the verdict form contains a certification statement. Each of you should carefully read that statement, then sign your name in the appropriate place in the signature block, if the statement accurately reflects how you reached your verdict.

- Complete the Verdict Form. The foreperson must bring the signed Verdict Form to the courtroom when it is time to announce your verdict.

- When you have reached a verdict, the foreperson will advise the CSO that you are ready to return to the courtroom.

Good luck with your deliberations.

*United States v. Melroy Johnson, Sr.*, No. 16

CR21-4075-LTS (2022)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.             CR21-4075-LTS

JOSE LUIS ESTRADA,

    Defendant.

As to defendant Jose Luis Estrada we, the Jury, find as follows:

| COUNT 1: THE ALLEGED "METHAMPHETAMINE CONSPIRACY" OFFENSE | | VERDICT |
|---|---|---|
| **Step 1:** Verdict | On the "methamphetamine conspiracy" offense, charged in **Count 1** of the Indictment and explained in **Instruction 5**, please mark your verdict. (*If you find the defendant "not guilty" of this offense, do not answer the questions in* ***Step 2***.) | ___Not Guilty<br><br>___ Guilty |
| **Step 2:** Form and Quantity of Methamphetamine | *If you found the defendant "guilty" of the "methamphetamine conspiracy" offense charged in* ***Count 1*** *of the Indictment in* ***Step 1***, *please indicate (a) which one or more forms of methamphetamine were involved in the conspiracy, and (b) the quantity of any form of methamphetamine involved in the conspiracy for which he is responsible, as explained in* **Instruction No. 7**. (*When you have answered the questions in this step, please move on to your verdict for Count 2.*) | |
| (a) | ____methamphetamine mixture | ___actual (pure) methamphetamine |

33

| | | |
|---|---|---|
| (b) | _____ 500 grams or more | ___50 grams or more |
| | _____ 50 grams or more but less than 500 grams | ___ 5 grams or more, but less than 50 grams |
| | _____ less than 50 grams | ___ less than 5 grams |

| COUNT 2:  THE ALLEGED "POSSESSION WITH INTENT AND AID AND ABET ANOTHER IN THE POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE" OFFENSE | | VERDICT |
|---|---|---|
| **Step 1:** Verdict | On the "possession with intent and aid and abet another in the possession with intent to distribute methamphetamine" offense, charged in **Count 2** of the Indictment and explained in **Instruction 6**, please mark your verdict.  (*If you find the defendant "not guilty" of this offense, do not answer the questions in Step 2.  Instead, please read the Certification, sign the Verdict Form, and notify the Court Security Officer (CSO) that you have reached a verdict.*) | ___Not Guilty<br><br>___ Guilty |
| **Step 2:** Form and Quantity of Methamphetamine | *If you found the defendant "guilty" of the "possession with intent to distribute methamphetamine" offense charged in Count 2 of the Indictment in Step 1,* please indicate (a) which one or more forms of methamphetamine were involved in the conspiracy, and (b) the quantity of any form of methamphetamine involved in the conspiracy for which he is responsible, as explained in **Instruction No. 7**. (*When you have answered the questions in this step,  please read the Certification, sign the Verdict Form, and notify the Court Security Officer (CSO) that you have reached a verdict.*) | |

34

| | | |
|---|---|---|
| (a) | ____methamphetamine mixture | ___actual (pure) methamphetamine |
| (b) | _____ 500 grams or more<br><br>____ 50 grams or more but less than 500 grams<br><br>____ less than 50 grams | ___50 grams or more<br><br>___ 5 grams or more, but less than 50 grams<br><br>___ less than 5 grams |

Case 5:21-cr-04075-LTS-KEM   Document 66   Filed 04/05/22   Page 35 of 36

| CERTIFICATION |
| --- |
| By signing below, each juror certifies the following:<br>(1)    that consideration of the defendant's race, color, religious beliefs, national origin, or sex was not involved in reaching the juror's individual decision, ***and***<br>(2)    that the individual juror would have returned the same verdict for or against the defendant on the charged offense regardless of the defendant's race, color, religious beliefs, national origin, or sex. |

_____
Date

_____        _____
Foreperson                        Juror

_____        _____
Juror                              Juror

_____        _____
Juror                              Juror

_____        _____
Juror                              Juror

_____        _____
Juror                              Juror

_____        _____
Juror                              Juror